Southern District of Texas
**ENTERED**
November 05, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY BARBER, (TDCJ #02021895) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-4049 |
| LORIE DAVIS, | § § § | |
| Respondent. | § | |

## ORDER TO TRANSFER

The petitioner, Anthony Barber, is a state prisoner incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division. Barber has filed a petition for a writ of habeas corpus to challenge a state-court conviction under 28 U.S.C. § 2254. For reasons set out briefly below, the Court concludes that a transfer is warranted.

Barber challenges a criminal conviction entered against him in the 297th District Court of Tarrant County, Texas. Barber was convicted of assault of a family member and sentenced to a 17-year prison term. He is currently confined at the Darrington Unit in Rosharon, Texas, which is in Brazoria County.

Because Barber is confined pursuant to a judgment and sentence by a state court in Texas, which has more than one federal district, jurisdiction over the petition is determined by the place of conviction or the place of confinement, as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the

district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d). The Fifth Circuit has emphasized that, under § 2241(d), a petitioner may seek a federal writ of habeas corpus in one of *only* two places: (1) the district in which the state-court conviction was entered, or (2) the district within which the petitioner is incarcerated. *See Wadsworth v. Johnson*, 235 F.3d 959, 962 (5th Cir. 2000).

Tarrant County, where the challenged state-court conviction was entered, is in the Northern District of Texas, Fort Worth Division. *See* 28 U.S.C. § 124(a)(2). Brazoria County, where Barber is presently confined, is in the Southern District of Texas, Galveston Division. *See* 28 U.S.C. § 124(b)(1). Because neither the place of Barber's state-court conviction nor the place of his ongoing confinement lies within the Southern District, Houston Division, this Court has no jurisdiction over the pending habeas corpus petition. In that respect, although the statute speaks only to districts, the Fifth Circuit has extended the rule found in § 2241(d) to divisions within the same district as well. *See Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (concluding that the division of conviction, where witnesses were located, was a more appropriate venue than the division of confinement in challenge to conviction).

The federal habeas corpus statutes provide that a district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. *See* 28 U.S.C. § 2241(d). It is policy in the Southern District of Texas to transfer habeas corpus petitions filed by state prisoners to the division

2

in which the petitioner's underlying conviction was entered. *See* General Order of May 30, 1985 (dictating that challenges to the conviction go to the division within the district where the conviction was entered). Because the state-court conviction at issue in this case was entered in the Northern District of Texas, Fort Worth Division, the petition will be transferred to that venue in compliance with Southern District policy.

Accordingly, based on the foregoing, the Clerk of Court is **ORDERED** to **TRANSFER** this habeas corpus proceeding to the United States District Court for the Northern District of Texas, Fort Worth Division.

SIGNED at Houston, Texas, on _____NOV 0 5 2019_____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE